IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY J. KAWCZYNSKI,                                    OPINION and ORDER

        Plaintiff,                                    15-cv-757-bbc

   v.

AMERICAN COLLEGE OF CARDIOLOGY,
KIM ALLAN WILLIAMS, SR. and AMERICAN
COLLEGE OF CARDIOLOGY FOUNDATION,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Ricky J. Kawczynski has filed this pro se lawsuit against defendants American College of Cardiology, Kim Allan Williams, Sr. (the president of the college) and the American College of Cardiology Foundation. Although the complaint is difficult to understand, plaintiff seems to be arguing that the deaths of two individuals—Eugene Kawczynski and John Fisco—are attributable to defendants' failure to formulate cardiology treatment guidelines that include a requirement that doctors provide their patients easy to understand statistics regarding the risks associated with certain drugs. Plaintiff contends that Kawczynski and Fisco would not have died had defendants recommended that they provide this information to treating physicians. Defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6).

        After reviewing plaintiff's complaint, defendants' motion to dismiss and the parties' briefs, I am granting defendants' motion. Although defendants raise a variety of arguments,

1

two are dispositive and support the dismissal of plaintiff's complaint with prejudice.  First, defendants are not subject to liability under either of the statutes forming the basis for plaintiff's claims.  Second, plaintiff does not have the right to sue on behalf of Kawczynski or Fisco.

ALLEGATIONS OF FACT

In February 2003, Eugene Kawczynski's cardiologist recommended that he undergo a "Chemical Stress Test," which involved the administration of the drugs Adenoscan or Lexiscan.  Shortly thereafter, Kawczynski died from a "cardiac event" attributable to the drugs.  Eugene Kawczynski's doctors did not provide him a "risk assessment" or explain the "risk versus benefit" associated with the chemical stress test in an easy to understand format. Had Kawczynski been provided this risk assessment, he may have refused to submit to the recommended chemical stress test.

In October 2013, John Fisco suffered a cranial bleed and died several weeks later. This cranial bleed was caused by the drug Warfarin, which Fisco's doctors prescribed to treat his atrial fibrillation.  The risk of cranial bleeding outweighed the benefits associated with Warfarin for the treatment of atrial fibrillation.  However, Fisco's physicians did not provide Fisco a risk versus benefit assessment in an easy to understand format.  Had Fisco received easy to understand information related to the risks associated with Warfarin, he may have refused the drug.

Plaintiff believes that the American College of Cardiology is at fault for the deaths of

2

Kawczynski and Fisco because its treatment guidelines do not suggest that physicians provide their patients easy to understand information regarding the risks associated with the various treatments it recommends. Plaintiff believes that had the American College of Cardiology's guidelines required physicians to provide patients information regarding treatment risks in an easy to understand format, Kawczynski's doctors and Fisco's doctors would have relayed this information to their patients, who in turn may have opted for different treatments.

## OPINION

Defendants contend that plaintiff's complaint should be dismissed for the following four reasons:  (1) plaintiff has failed to state a claim that defendants violated either Wis. Stat. § 895.047(2)(a) or Wis. Stat. § 100.182(2); (2) plaintiff does not have the right to sue for injuries suffered by Eugene Kawczynski or John Fisco; (3) plaintiff has failed to properly serve defendants pursuant to Federal Rule of Civil Procedure Rule 4; and (4) the complaint does not contain any allegations related to Williams's or the American College of Cardiology Foundation's conduct. I am dismissing plaintiff's complaint on the grounds that he both fails to state a claim and lacks the right to sue. Accordingly, it is not necessary to address defendants' arguments related to service and plaintiff's failure to allege sufficient facts against defendants Williams and the American College of Cardiology Foundation.

3

A. <u>Plaintiff Fails to State a Claim</u>

Plaintiff's complaint fails to state a claim because he has failed to identify any authority for his contention that defendants are required to incorporate "easy to understand" risk versus benefit information into their cardiology treatment guidelines.  Plaintiff attempts to rely on two Wisconsin statutes, Wis. Stat. § 895.047(2)(a) and Wis. Stat. § 100.182(2), but neither of these statutes applies to defendants or regulates non-profits' promulgation of treatment guidelines.

Wis. Stat. § 895.047 generally provides that manufacturers, sellers and distributors are strictly liable for their manufacture, sale or distribution of defective products.  However, none of the defendants manufactured, sold or distributed "products."  The treatment guidelines that defendants promulgated and plaintiff contends are defective do not qualify as "products" for purposes of the statute.  The focus of products liability law is on tangible items, not intangible ideas or abstract concepts such as the guidelines at issue here.  <u>Restatement (Third) of Torts: Products Liability</u> § 19 (1998) (defining "products" as "tangible personal property distributed commercially for use or consumption").

Plaintiff also cannot state a claim under Wis. Stat. § 100.182, which prohibits fraudulent drug advertising.  Although plaintiff contends that Kawczynski and Fisco were harmed by Adenoscan or Lexiscan and Warfarin, respectively, he does not allege facts sufficient to support a finding that defendants were involving in "advertising" these drugs.  Defendants did not "advertise" the availability of these drugs simply by promulgating guidelines or making recommendations regarding their use.  Moreover, even if the guidelines

4

did qualify as "advertising," there are no allegations sufficient to support a finding that defendants developed the guidelines "with the intent of selling, increasing the consumption of or generating interest in" Adenoscan, Lexiscan or Warfarin.  Wis. Stat. § 100.182(2). Finally, plaintiff's complaint does not contain any allegations that Kawczynski or Fisco relied upon defendants' guidelines.  Collins v. American Optometric Association, 693 F.2d 636, 641 (7th Cir. 1982) (claims properly dismissed where plaintiff did not rely on professional association's misrepresentations as to the qualifications of optometrists).

Finally, although plaintiff does not allege a common law negligence claim, it is worth noting for the sake fo completeness that any such claim would necessarily fail. First, by contending that defendants' guidelines should incorporate certain data or information related to the relative risks and benefits associated with various treatments, plaintiff is attempting to impose a duty to act on defendants.  However, a party is not negligent by failing to act absent a "special relationship," of which there is no evidence in this case. Restatement (Second) of Torts § 314 (1964) ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.").  Second, any negligence claim would also fail for lack of causation. As plaintiff himself admits, his contention that Kawczynski and Fisco would have opted for different treatments had defendants provided the information plaintiff contends they should have is "only speculation."  Compl. at 5, dkt. #1.

B.  Plaintiff Does Not Have the Right to Sue

Plaintiff's claim is also subject to dismissal on the ground that he lacks the right to sue.  Plaintiff alleges that his father (Eugene Kawczynski) and his wife's brother (John Fisco) died as a result of defendant's alleged misconduct. However, he does not allege in either his complaint or in his brief that he has been appointed the personal representative of either individual's estate.  Accordingly, he has no right to sue on their behalf. See Schmidt v. Froedtert Memorial Lutheran, 316 Wis. 2d 773, at *1 (Ct. App. 2009) (unpublished decision) ("Schmidt does not dispute, however, that he was never appointed the personal representative of his [son's] estate. Consequently, we agree with the circuit court that he does not have standing to bring a direct claim for his son's estate against the health care providers.") (citing Wis. Stat. § 655.007).

Moreover, although plaintiff contends that he has felt "guilt" and sadness as a result of their deaths, plaintiff cannot recover for these alleged injuries. Wisconsin law governing derivative claims for loss of society and companionship may be brought only by a spouse, a parent, a minor sibling or a minor child.  Czapinski v. St. Francis Hospital, Inc., 2000 WI 80, ¶ 24, 236 Wis. 2d 316, 613 N.W.2d 120.  Plaintiff did not occupy any of these roles in relation to his father or his wife's brother.  In particular, plaintiff's father died when plaintiff was an adult; adult children cannot bring derivative claims related to death of their parents. Id.

6

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants American College of Cardiology, Kim Allan Williams, Sr. and the American College of Cardiology Foundation, dkt. #6, is GRANTED.

The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 13th day of May, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7